IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ERIK S. MIZE; MARQUIS
B. WEST, et al.,

    Plaintiffs,

v.

SAM OLENS, et al.,

    Defendants.

CIVIL ACTION NO.: CV613-107

## ORDER and MAGISTRATE JUDGE"S REPORT AND RECOMMENDATION

Plaintiffs Erik Mize and Marquis West, who are currently incarcerated at Georgia State Prison, filed a cause of action ostensibly on behalf of 98 other inmates against 45 named Defendants contesting certain conditions of their confinement. As these 98 other inmates have neither filed motions to proceed *in forma pauperis* nor paid the applicable filing fees, any claims these other 98 inmates may present should be **DISMISSED**, without prejudice. Even though Plaintiffs Mize and West insist that their cause of action is a criminal complaint, a review of their pleadings makes it clear that this cause of action should be properly brought pursuant to 42 U.S.C. § 1983. Accordingly, the undersigned has conducted the requisite frivolity review pursuant to 28 U.S.C. §§ 1915 and 1915A. This Complaint should be **DISMISSED**, as Plaintiffs failed to complete the proper form applicable to the filing of 42 U.S.C. § 1983 claims.

AO 72A
(Rev. 8/82)

However, the undersigned will address the allegations Plaintiff West and Plaintiff Mize set forth.

I. **Plaintiff West**

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

A review of Plaintiff West's history of filings reveals that he has brought at least three civil actions or appeals which were dismissed and count as strikes under § 1915(g): (1) West v. Ga. Dep't of Corr., CV1:08-382 (N.D. Ga. Mar. 7, 2008) (dismissed for failure to exhaust[1]); (2) West v. Higgins, CV6:06-83 (S.D. Ga. June 30, 2008) (appeal dismissed as frivolous); and (3) West v. Warnock, CV6:05-47 (S.D. Ga. Aug. 17, 2006) (appeal dismissed as being frivolous).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera. In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to

---

[1] Dismissal of a prior suit for failure to exhaust administrative remedies counts as a strike under § 1915(g). Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).

2

access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721-27. Because Plaintiff has filed three previously dismissed cases or appeals which qualify as strikes under section 1915(g), Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff West cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). As noted by the Court, "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." Id.

In this Complaint, Plaintiff West sets forth events which allegedly began in 2005 and continued through "the middle of 2013." (Doc. No. 1, p. 22). At the time this Complaint was filed, Plaintiff West had brought at least three cases or appeals which constitute strikes under § 1915(g). Plaintiff West has not shown how he was in imminent danger of serious physical injury at the time he filed this Complaint on November 26, 2013. Plaintiff West should not be considered to meet the exception to the three strikes rule. Plaintiff West's Motion to Proceed *In Forma Pauperis* is **DENIED**. Plaintiff West's claims should be **DISMISSED**, without prejudice. If Plaintiff West wishes to proceed with this action, he should be required to submit a complaint along with the

3

full filing fee. In addition, should Plaintiff West wish to proceed with his claims, he should file a cause of action on his (and only his) own behalf.

II. **Plaintiff Mize**

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

AO 72A
(Rev. 8/82)

Plaintiff Mize asserts that he was transferred to Georgia State Prison in January 2012 and was placed in lockdown without a disciplinary report or a due process hearing. Plaintiff Mize asserts that Deputy Warden John Paul informed him in April 2013 that he would not have his security level changed. Plaintiff Mize also asserts that "the administration of Georgia State Prison" refused to give him a copy of a legal dictionary in April 2012. (Doc. No. 1, p. 24). Plaintiff Mize contends that he informed Defendant Paul and Mental Health Director West that certain actions—withholding the legal book and keeping Plaintiff Mize in lockdown—were constitutional violations. Plaintiff Mize avers that he was placed in general population and given the legal book eight (8) days later.

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. Plaintiff Mize fails to make this requisite showing for his procedural due process claim, as he makes no assertion regarding the parties allegedly responsible for this violation. Plaintiff Mize's procedural due process claim should be **DISMISSED**.

Plaintiff Mize's assertions regarding the time he allegedly spent in lockdown are insufficient to show a violation of his right to due process. "The Due Process Clause protects against deprivations of 'life, liberty, or property without due process of law.'"

5

Kirby v. Siegelman, 195 F. 3d 1285, 1290 (11th Cir. 1999) (quoting U.S. CONST. AMEND. XIV). The Supreme Court has identified two situations in which a prisoner can be deprived of liberty such that the protection of due process is required: (1) there is a change in the prisoner's conditions of confinement so severe that it essentially exceeds the sentence imposed by the court; and (2) the State has consistently given a benefit to prisoners, usually through a statute or administrative policy, and the deprivation of that benefit "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 1290-91 (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)). Plaintiff has failed to make a colorable due process claim, which should also be **DISMISSED**.

Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing Christopher v. Harbury, 536 U.S. 403, 415 n.12 (2002)). In order to pass constitutional muster, the access allowed must be more than a mere formality. Bounds v. Smith, 430 U.S. 817, 822 (1977); Chappell, 340 F.3d at 1282. The access must be "adequate, effective, and meaningful." Bounds, 730 U.S. at 822. For an inmate to state a claim that he was denied access to the courts, he must establish that he suffered "actual injury" by showing that the defendant's actions hindered his ability to pursue a nonfrivolous claim. Christopher, 536 U.S. at 415; Jackson v. State Bd. of Pardons & Paroles, 331 F.3d 790, 797 (11th Cir. 2003). The pursuit of claims which are protected are those in which a plaintiff is attacking his sentence, directly or collaterally, or challenging the conditions of his confinement. See Lewis v. Casey, 518 U.S. 343

(1996). Stated another way, the "only specific types of legal claims [which] are protected by this right [are] the nonfrivolous prosecution of either a direct appeal of a conviction, a habeas petition, or a civil rights suit." Hyland v. Parker, 163 F. App'x 793, 798 (11th Cir. 2006) (citing Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998)). "Actual injury" is an essential element to a claim asserting the denial of access to the courts. See Christopher, 536 U.S. at 415. Plaintiff has failed to show that the alleged withholding of a legal dictionary had any effect on a non-frivolous cause of action. In fact, Plaintiff fails to make any allegation that he suffered any adverse action as a result of this alleged withholding. Plaintiff's access to the courts claims should be **DISMISSED**.

Even if Plaintiff Mize presented a colorable claim for relief, his claims are unrelated. A plaintiff may not join unrelated claims and various defendants unless the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a). Plaintiff Mize has failed to show a logical relationship between his separate allegations. The Court will not allow the joinder of these unrelated claims. Plaintiff Mize's claims should be **DISMISSED** for this reason, as well.

Plaintiff Mize's Motion to Proceed In Forma Pauperis is **DENIED**.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 5th day of February, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)